UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **MARIE AND JOSEPH DANVERS,** )<br>**as next friend for minor CAROL DANVERS**, )<br>C/O Bosson Legal Group, P.C. )<br>8300 Arlington Blvd )<br>Fairfax, VA 22031 )<br>          )<br>     *Plaintiff*, )<br>          )<br>     v. )<br>          )<br>**LOUDOUN COUNTY SCHOOL BOARD, et al,** )<br>          )<br>     *Defendants*. )<br>          ) | Civil Action No. 1:21-cv-1028 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
### <u>MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS</u>

Plaintiff Carol Danvers is a 17-year-old female student at Loudoun County High School (the School), which is part of Loudoun County Public Schools ("LCPS"). Ms. Danvers resides with her parents, Marie and Joseph Danvers in Loudoun County, Virginia. Defendant Loudoun County School Board is responsible for overseeing the operation and management of the public education system in Loudoun County, Virginia, including the School.

During the 2018-2019 academic year, Ms. Danvers was a 14-year-old freshman in the Junior Reserve Officer Training Corps ("JROTC") at Loudoun County High School. During that school year, Ms. Danvers was sexually harassed and assaulted by Defendant Serrano in the School's Navy Junior Reserve Officer Training Corp (JROTC) program. After she reported him, Ms. Danvers was subjected to a campaign of retaliatory harassment by both Serrano and other students. Even after Serrano was placed on leave, the student-on-student harassment continued and increased, while school officials downplayed it. Eventually, Ms. Danvers was forced to transfer to another high school due to ongoing, unfettered student-on-student harassment.

Ms. Danvers files this Motion for Leave to Proceed Under Pseudonyms with reference to her Complaint for sex discrimination and harassment under Title IX of the Education Amendments of 1972, and 42 U.S.C. § 1983.

## ARGUMENT

In matters of a highly personal and sensitive nature, the Court may exercise its discretion to allow a plaintiff to proceed using pseudonyms. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("The decision whether to permit parties to proceed anonymously at trial is one of the many involving management of the trial process that for obvious reasons are committed in the first instance to the trial court discretion."). In *James*, the Fourth Circuit provided a nonexhaustive list of considerations to aid a Court in assessing whether a plaintiff may proceed pseudonymously. The considerations propounded by the Fourth Circuit are:

A. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

B. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

C. The ages of the persons whose privacy interests are sought to be protected;

D. Whether the action is against a governmental or private party; and

E. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238. These considerations weigh heavily in favor of allowing Plaintiff to proceed pseudonymously in this case.

**A. Plaintiff seeks to preserve her privacy in a matter of a sensitive and highly personal nature.**

Courts routinely allow a plaintiff asserting claims involving sexual assault to proceed under pseudonym, as such claims are highly sensitive and personal, and even more so when they involve minor children. *See, e.g., Doe v. Fairfax County School Board,* No. 1:18-cv-614, ECF No. 8 (E.D.V.A. May 31, 2018; *Painter v. Doe*, No. 3:15-CV-369, 2016 U.S. Dist. LEXIS 91003, at \*16-17 (W.D.N.C. July 13, 2016); *Doe v. Alger*, No. 5:15-cv-00035, 2016 U.S. Dist. LEXIS 43401, at \*6 (W.D. Va. Mar. 31, 2016); *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014), at \*5 (collecting cases); *Doe v. De Amigos, LLC*, No. 11-cv-1755, 2012 U.S. Dist. LEXIS 190501, at \*4 (D.D.C. Apr. 30, 2012). Courts acknowledge the vital public policy concerns in maintaining the anonymity of sexual assault victims, so that other victims are not deterred from reporting sexual misconduct. *See, e.g.*, *De Amigos*, at \*5; *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Such protection is particularly warranted given the increasing media attention on the question of how schools are handling allegations of sexual assault. *See Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at \*6 (N.D.N.Y. Apr. 12, 2016) (noting that increased media attention to the issue of sexual assault on college campuses strengthens the need for use of pseudonyms because of the increased the risk of harm to sexual assault survivors and their assailants).

Here, Plaintiff is a minor and was a minor when she was sexually assaulted. Allowing Plaintiff to proceed under a pseudonym protects the privacy of a student who experienced trauma, and permits her to heal and pursue her claims without public disclosure. There is no question that Plaintiff establishes this element, and that it weighs heavily in favor of her motion.

**B. Plaintiff's identification poses a risk of retaliatory physical or emotional harm to her and to innocent individuals who are not party to this suit.**

Courts have found this factor established when there is the possibility that a party who has suffered sexual assault may experience additional harm by being re-victimized, or be at increased risk for retaliatory physical or mental harm, if her legal name appears on a public docket disclosing details of the sexual assault. *See Painter*, 2016 U.S. Dist. LEXIS 91003, at *17; *Alger*, 2016 U.S. Dist. LEXIS 43401, at *7-9.

Identifying Plaintiff here would risk further harm to her. Plaintiff has *already* suffered retaliatory harassment as a result of Defendants' response to her assault. This retaliation is detailed in paragraphs 49-117 of the Complaint. Should Plaintiff's name appear on this docket, she is exposed to the extremely likely possibility of re-victimization, harassment, retaliatory physical or mental harm, and lasting public notoriety for a traumatic incident that happened early in her life. Doe's parents and next friends similarly seek to use pseudonyms to protect Doe's identity; exposing them would expose her. The possibility of such exposure weighs in favor of her ability to proceed with use of pseudonyms. To guard against similar concerns, Doe identifies non-party students, who are or were minors, by their initials, to protect their identities and any subsequent harm, pursuant to Federal Rule of Civil Procedure 5.2.

**C. Plaintiff is a minor.**

Courts permit use of pseudonyms to protect the privacy of "particularly vulnerable parties," including children and victims of sexual assault. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The protection of a minor party's privacy is so vital that the Federal Rules of Civil Procedure require that any electronic filing containing the name of an individual known to be a minor be redacted, and that the filing may include at most the

minor's initials. *See* Fed. R. Civ. P. 5.2(a)(3). In cases involving sexual assault, protection is warranted even when the student is close to or of legal adult age. *See Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. Va. 2016) (plaintiffs were "legally adults, but the events in issue occurred when they were just barely so"). Here, Plaintiff currently is a minor, and this case concerns sexual assault she suffered as a minor. This consideration adds significant weight to allowing Plaintiff to proceed using a pseudonym.

**D. Plaintiff brings this action against a governmental entity.**

The fourth consideration is whether Plaintiff is challenging government activity or private activity. "Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing[,]" and thus a plaintiff may proceed with anonymity without harm to the defendant. *Doe v. Shakur*, 164 F.R.D. 359, 361 n.1 (S.D.N.Y.1996). Plaintiff challenges LCPS's violation of her rights under Title IX, specifically those actions and omissions by LCPS that created a hostile educational environment and disrupted Plaintiff's education because of her sex. All of the Defendants are current or former employees of the School. The public interest in this case lies not in Plaintiff's name, but in the resolution of the substantive legal issues. Plaintiff's use of a pseudonym will not interfere with the right or ability of the public to follow the proceedings.

**E. Defendants faces no risk of unfairness if Plaintiff is allowed to proceed pseudonymously.**

Allowing Plaintiff in this matter to proceed pseudonymously does not prejudice the Defendants in any way. Each of the Defendants knows Plaintiff's identity and the identity of the other minors involved, and is familiar with the facts of the case. Plaintiff's ability to proceed pseudonymously

will not inhibit Defendants' ability to engage in appropriate discovery or defend the case. *See De Amigos*, 2012 U.S. Dist. LEXIS at * 7-8.

## CONCLUSION

To protect her from further harm, and provide access to the courts, Plaintiff respectfully requests that she and her parents be allowed to proceed pseudonymously and this Honorable Court enter an Order that (i) permits her and her parents to proceed with use of pseudonyms; (ii) bars the parties from filing information containing Plaintiff's name or personally identifiable information; and (iii) grant Plaintiff any other relief necessary to allow her and her parents to proceed under pseudonyms.

Dated: September 8, 2021

**MARIE AND JOSEPH DANVERS, as next friend for their minor daughter CAROL DANVERS**

By Counsel:

*/s/ K. Craig Welkener*

Timothy P. Bosson, Esq. (VSB: 72746)
K. Craig Welkener, Esq. (VSB: 94493)
Robert Rose, Esq. (VSB: 81240)
BOSSON LEGAL GROUP, PC
8300 Arlington Blvd., Ste. B2
Fairfax, Virginia 22031
tbosson@bossonlaw.com
rrose@bossonlaw.com
cwelkener@bossonlaw.com
Phone (571) 775-2529
Fax (571) 775-2521

Benjamin Beliles, Esq. (VSB: 72723)
BELILES & ASSOCIATES, PLLC
1108 E. Main Street, Suite 1002
Richmond, VA 23219
benbeliles@gmail.com
Phone (703) 479-8220

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I certify that on September 8, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, and I will then provide it to each of the Defendants along with service of the Complaint and summons.

*/s/ K. Craig Welkener*
K. Craig Welkener
